ALLEN, J.,
delivered the opinion of the Court.
The Court is of opinion, that though according to a series of decisions, it would be competent to construe the word “or” con-junctively, instead of disjunctively, in the limitations of a will, where such a construction is necessary to carry out the intent of the testator as manifested on the face of the will, such construction could not be made in the present case without disregarding the other words, “in either case,” immediately following the word “or” in the preceding clause, referring to it as its next antecedent, and clearly manifesting the intent that the limitation over was to take effect upon the happening of either contingency, the dying before attaining 21 years of age, or without lawful heir: an intent equally manifested by the subsequent provision for the return of all such property which the first taker received, to his surviving children or their lawful heirs. The Court is therefore of opinion, there is no error in so much of said decree as decides that the property acquired by the said Elizabeth as her original share under the will of the testator, on the contingency which has happened of her dying without issue, passed under said will to the appellees. But the Court is further of opinion, that as to any accretions which may have accrued to her in her lifetime, by the death of other devisees or legatees under age, or without issue, they do not again survive, under the terms of the will. On the contrary, the remainder was given as an absolute estate, without any restriction. The Court is further of opinion, that as by the bill and proceedings, it appears that two of the children, John and George, had died without issue, in whose ^shares the said Elizabeth was entitled to remainders under the will of the testator, the terms of the decree, which holds that the property acquired by said Elizabeth, and her husband in her right, under the will of the testator, passed under the said will to the appellees, are broad enough to embrace such remainders accruing to her by survivorship, as well as her original share. The Court is therefore of opinion, that in this respect, as to the property acquired by said Elizabeth, or her husband in her right, by sur-vivorship, the said decree is erroneous. The same is, therefore, reversed with costs, as to so much thereof as is herein declared to be erroneous, and affirmed for the residue. And the cause is remanded for further proceedings, according to the principles of this decree.